

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 6, 1996

Mr. Steve Robinson
Executive Director
Texas Youth Commission
P.O. Box 4260
Austin, Texas 78765

Opinion No. DM-376

Re: Whether a Texas Youth Commission employee in a hazardous duty position but not receiving hazardous duty pay accrues service credits for purposes of longevity pay (RQ-746)

Dear Mr. Robinson:

You ask whether under the hazardous duty pay provisions of chapter 659, subchapter E, Government Code, "time in service continues to accrue for longevity pay purposes during the first year of a Texas Youth Commission employee's service in a hazardous duty position."

Subchapter D of chapter 659, Government Code, provides generally for longevity pay. A full-time state employee is generally entitled to receive "longevity pay," of four dollars for each year of "lifetime service credit," starting after five years of service.[1] Chapter 659, subchapter E, section 659.062, although not embracing Texas Youth Commission ("TYC") employees, provides that certain state law enforcement and security personnel are "entitled to hazardous duty pay of $7 a month for each year of service" in a hazardous duty position. The succeeding provisions, in section 659.063, specifically provide that TYC employees having routine direct contact with youth in commission facilities or under commission supervision "may receive hazardous duty pay[2] in an amount that does not exceed the amount" authorized by section 659.062, subject to the conditions and limitations in the General Appropriations Act.[3] Section 659.062(a), however, adds

---

[1] Payment of longevity pay begins after five years of service. The amount paid increases "when the 10th, 15th, 20th, and 25th years of lifetime service credit are accrued." Gov't Code § 659.044.

[2] We note that, even though "eligible" to receive hazardous duty pay under section 659.062, TYC employees performing hazardous duty are not, by virtue of the use of "may" and the conditioning of their receipt of such pay on limitations in the General Appropriations Act, "entitled" to it as the other personnel designated in the section appear to be.

[3] Section 659.063 was added by two separate bills in 1995. Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 91, 1995 Tex. Sess. Law Serv. 2517, 2586; Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, § 5.15, 1995 Tex. Sess. Law Serv. 458, 478. We refer however to the section as added by chapter 262 of the session laws, which was adopted later in time. In section 90 thereof, chapter 262, unlike chapter 76, also amended section 262.062(a), adding the proviso regarding section 659.063(b)(1) quoted below in the

the proviso that "[e]xcept as provided by Subsection (c) or Section 659.063(b)(1), this hazardous duty pay is instead of . . . longevity pay."

Subsection (c) of section 659.062 provides:

> A state employee who has received longevity pay under Subchapter D for service in a position that does not require the performance of hazardous duty and who transfers to a position for which the employee is eligible to receive hazardous duty pay is entitled to continue to receive longevity pay for the years of service to the state performed in the prior position. The employee is not entitled to additional longevity pay for the period in which the employee *receives* hazardous duty pay, but that period is included in computing the employee's total years of service as an employee of the state. [Footnote omitted; emphasis added.]

The other referenced provision in the section 659.062(a) proviso is subsection (b)(1) of section 659.063, which provides that hazardous duty pay under section 659.063

> is subject to the conditions and limitations in the General Appropriations Act, except that during periods when Texas Youth Commission employees do not receive the full amount of the hazardous duty pay for which they are eligible, they are entitled to receive longevity pay for the time accrued in a hazardous duty position, but only until hazardous duty payments resume.

Attorney General Opinion JM-548 (1986) concluded that, under the "unambiguous" language now in section 659.062(a)--"entitled to hazardous duty pay of $7 a month for each year of service"--an employee is not entitled to start receiving hazardous duty pay until after a year of service in a hazardous duty position. Your concern, again, is whether, during the first year in a hazardous duty position, when he is not yet eligible to receive hazardous duty pay, a commission employee accrues "lifetime service credit" for longevity pay purposes. In our opinion, such employee continues to accrue "lifetime service credit" for longevity pay purposes during his first year of hazardous duty service. The language of subsection (c), section 659.062, quoted above, indicates only that the accrual of service credit for longevity pay purposes stops "for the period in which the employee *receives* hazardous duty pay." (Emphasis added.) Similarly, the proviso in subsection (a) that "[e]xcept as provided by Subsection (c) or Section 659.063(b)(1), this hazardous duty pay is instead of ... longevity pay" limits only longevity *pay*, not the accrual of "lifetime service credit" for longevity pay purposes.[4]

---

(footnote continued)

text. The language after "General Appropriations Act" in chapter 262's version of section 653.063(b)(1) is not included in the version of the section added by chapter 76.

[4]The provision of subsection (b)(1) of section 659.063 for the receipt of longevity pay by commission employees who "do not receive the full amount of hazardous duty pay for which they are

Therefore, in our opinion, as he is not actually "receiving" hazardous duty pay during his first year of service in a hazardous duty position, the employee continues to accrue "lifetime service credit" under the longevity provisions of subchapter D during that period. *See id.* §§ 659.044 (entitlement to receive four dollars longevity pay "for each year of lifetime service credit" beginning after five years of service), .046 ("employee accrues lifetime service credit for the period in which the employee . . . serves as a . . . state employee").[5]

You also ask "whether part-time and hourly [TYC] employees[6] who work in hazardous duty positions are eligible to receive hazardous duty pay under" the provisions of sections 659.062 and 659.063. The provisions of sections 659.062 and 659.063 refer to "an eligible employee," "an employee of the state," "employees . . . eligible for hazardous duty pay," and "an employee of the Texas Youth Commission." Nowhere do these provisions limit the covered class of employees to full-time employees. "Where the legislature makes no exception to the provisions of a statute, the presumption is that it intended no exceptions." Attorney General Opinion JM-407 (1985) (eligibility of part-time employees to accrue service credit for longevity pay purposes under predecessor provisions of subchapter D). We conclude that subject to the other conditions of section 659.062, including the amendatory provisions specific to TYC employees, part-time and

---

(footnote continued)
eligible" does not bear on the time period you ask about--the first year of hazardous duty service--when the employee is not yet eligible to receive hazardous duty pay.

[5]Please note, however, that although under the conclusion we reach here, an employee *transferring* to a hazardous duty position is entitled to continue accruing lifetime service credits for longevity pay purposes so long as he does not actually receive hazardous duty pay, under subsection (c) of section 659.062 those lifetime service credits would not be included in determining the amount of longevity pay which he would be entitled to receive while in a hazardous duty position, such pay under subsection (c) being "for the years of service to the state performed in the *prior* position." (Emphasis added.) However, under subsection (b)(1) of section 659.063, which is specific to TYC employees, such employees are entitled to receive longevity pay for time accrued in a hazardous duty position while not actually receiving full hazardous duty pay "for which they are eligible." Although such employees would not be eligible under the provision to receive such longevity pay during their first year in a hazardous duty position, when they are not eligible to actually receive hazardous duty pay, they may, once eligible therefor but not actually receiving full hazardous duty pay, receive longevity pay based on their hazardous duty service including amounts attributable to the first year of such service when they are not actually receiving hazardous duty pay. *See also* Gov't Code § 659.062(d) (if hazardous duty employee transfers to nonhazardous position and stops receiving hazardous duty pay, he is then "entitled to longevity pay for each year of service . . . *including the years of service in a position for which the employee was entitled to hazardous duty pay*") (emphasis added).

[6]We note that you indicate that some of the "employees" in question are "stand-by." We cannot resolve the fact questions which would be involved in determining whether "stand-by" employees are in fact employees within the, presumably ordinary, meaning of the term as used in section 659.062. For purposes of this opinion, we take at face value your characterization of the individuals you ask about as "employees."

hourly, as well as full-time, TYC employees in hazardous duty positions are eligible to receive hazardous duty pay.[7]

## S U M M A R Y

A Texas Youth Commission employee holding a hazardous duty position is not eligible to receive hazardous duty pay during his first year in a hazardous duty position. Such employee continues to accrue "lifetime service credit" for longevity pay purposes during the first year in a hazardous duty position. Subject to the other conditions of Government Code sections 659.062 and 659.063, part-time and hourly, as well as full-time, Texas Youth Commission employees in hazardous duty positions are eligible to receive hazardous duty pay.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General

---

[7]We understand it has been argued that the language of subsection (a) of section 659.062—"hazardous duty pay is *instead of* other hazardous duty or longevity pay"—indicates that one is not eligible to receive hazardous duty pay unless he had been eligible to receive longevity pay. The longevity pay provisions expressly condition eligibility to receive longevity pay (as distinct from eligibility to accrue service time for longevity pay purposes) on one's being a full-time employee. Gov't Code §§ 659.043, .046. *See* Attorney General Opinion JM-407 (1985) (distinguishing eligibility to accrue longevity service time from eligibility to receive longevity pay). We do not believe that an ordinary reading of the language in which "instead of" is used reasonably permits inferring a requirement that one have been eligible for longevity pay in order to receive hazardous duty pay. Moreover, even if these provisions were ambiguous, it is a "well settled" canon of construction that they should be construed in favor of the public employee. *Id.*

Please note, however, that as you do not ask, we do not address how hazardous duty pay amounts due a part-time or hourly employee are to be calculated. *See, e.g.*, Attorney General Opinion H-684 (1975) (sick leave benefits of part-time and hourly employees).